**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0614n.06
Filed: July 20, 2005

**No. 04-1209**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

TIMOTHY O. AGUNBIADE,                      )
                                           )
    Petitioner-Appellant,              )
                                           )
v.                                         )  ON APPEAL FROM THE UNITED
                                           )  STATES DISTRICT COURT FOR THE
PHILIP WRONA, Interim Director, Bureau     )  EASTERN DISTRICT OF MICHIGAN
of Immigration and Customs Enforcement,    )
                                           )
    Respondent-Appellee.               )

Before: NORRIS and DAUGHTREY, Circuit Judges, and JORDAN,[*] District Judge.

**PER CURIAM.**  The petitioner, Timothy Agunbiade, brought this action seeking declaratory and injunctive relief regarding his petition for naturalization and impending removal proceedings filed against him by the federal government. The government moved to dismiss the complaint on the grounds that the petition could not be granted because Agunbiade lacked good moral character and because the court did not have jurisdiction to hear his claim. The district court granted the motion. For the reasons stated below, we affirm.

_____

[*]The Hon. Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

Agunbiade is a native of Nigeria who entered this country in 1975 on a student visa. Ten years later his status was adjusted to permanent resident. In January 1990, he submitted an application to file a petition for naturalization, and was examined and filed his petition in October of the same year. He claims that he did not receive any further word on his petition, nor did he withdraw it.

In October 1991, the petitioner was convicted of conspiracy to possess over 100 grams of heroin with the intent to distribute. He was sentenced to 292 months in prison and four years supervised release; the prison term was later reduced to 180 months with the same term of supervised release. When he filed the present petition, he was incarcerated in the Sandstone Federal Correctional Institute in Minnesota.

In November 2003, Agunbiade filed a complaint against three government agencies and their respective directors in federal district court seeking declaratory and injunctive relief. Though his claims were not entirely clear upon initial reading, the district court discerned three separate requests: to review his application for citizenship and make a final determination; to lift the immigration detainer lodged against him and stay removal proceedings pending the disposition of his naturalization claim; and to end the removal proceedings brought against him upon a granting of citizenship. The district court initially treated the complaint as a petition for habeas corpus and issued an order requiring the government to respond.

The government filed a motion to dismiss, asserting three arguments. First, according to the government, the petitioner's petition for naturalization had to be denied because his drug conviction required a finding of lack of good moral character, a necessary component of granting citizenship. Second, the government argued that the district court was without jurisdiction to strike the detainer lodged against the petitioner by means of a writ of habeas corpus based on our ruling in *Prieto v. Gluch*, 913 F.2d 1159 (6th Cir. 1990). Finally, the government argued that the district court could not grant a stay of removal proceedings because it was clear that the petitioner could not be granted citizenship in light of his felony conviction or, in the alternative, because the court lacked authorization to enter such an order under 8 U.S.C. § 1252(g). That section provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."

The district court granted the government's motion, concluding as a legal matter that the petitioner's felony conviction required that his petition for naturalization be denied. The court also found, and the petitioner conceded, that because there were, in fact, no removal proceedings pending against him, his claim for a stay of the proceedings should be dismissed as moot. Finally, the petitioner was also forced to concede that because he had sought a lift of the detainer only until his naturalization claim was resolved, this claim also had to be dismissed as moot. The court issued an order closing the case in lieu of judgment. Petitioner filed this timely appeal.

We consider appeals of dismissals under a *de novo* standard of review. *United Food & Commercial Workers Local 1099 v. City of Sidney*, 364 F.3d 738, 745 (6th Cir. 2004). Dismissal under Fed. R. Civ. Pro. 12(b)(6) is proper only when a petitioner can prove no set of facts in support of his claim that would entitle him to relief. When considering a motion for dismissal, a court must draw all inferences in favor of the petitioner and accept all factual allegations as true. *Id.*

On appeal the petitioner argues three points: that the district court erred by characterizing the complaint as a petition for habeas corpus; that the delay in considering his petition for naturalization violated his due process rights; and that the court had the authority to grant injunctive relief in the form of a writ of *audita querela* prohibiting his deportation. We find no merit to any of these contentions.

First, the district court properly applied the governing statutes and case law in its decision to grant the government's motion to dismiss. Although the district court characterized the complaint as a petition for *habeas corpus* when it issued the order requiring a responsive pleading from the government, the final opinion addressed the merits of the petitioner's complaint as presented. The central issue is the petitioner's claim that he is entitled to have his petition for citizenship reviewed. Under the law governing petitions for naturalization at the time the petitioner filed his application, it was within the jurisdiction of the federal courts to rule on applications for citizenship. 8 U.S.C. § 1421 (1988). The law at the time also prohibited naturalization unless the petitioner "during [the

five years immediately preceding the date of filing his petition] has been and is still a person of good moral character." 8 U.S.C. § 1427(a) (1988). No person who had been convicted of "a violation of, or a conspiracy to violate, any law or regulation of a State, the United States, or a foreign country relating to a controlled substance" could be regarded as a person of good moral character. 8 U.S.C. § 1182(a)(23)(A) (1988). Because the petitioner was convicted of a drug crime that occurred within the five years preceding his application for naturalization, the district court correctly ruled that he could not be granted citizenship. Having reached this determination, the dismissal of the remainder of the petitioner's claims was proper. The ruling on the petition for citizenship made moot the request for an order lifting the detainer lodged against the petitioner, and the fact that there were no removal proceedings pending against him made his claim for a stay of such proceedings moot.

For these reasons, we AFFIRM the judgment of the district court.